UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GUAN H., *et al.*, on behalf of themselves and
all others similarly situated,                                              11 Civ. 4299 (AJN)

                 Plaintiffs,

LING  LING CHOU,

                 Plaintiff-Intervenor

      -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, *et al.*,

                 Defendants.
-------------------------------------------------------------------X


## MEMORANDUM OF LAW OF DEFENDANT BERAT
## IN SUPPORT OF HER MOTION TO DISMISS
## THE COMPLAINTS OF PLAINTIFFS AND INTERVENOR

Carolyn A. Kubitschek (CK6415)
Lansner & Kubitschek
Attorneys for defendant Berat
325 Broadway, Suite 201
New York, NY 10007
(212) 349-0900
Ckubitschek@Lanskub.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF FACTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

POINT I: PLAINTIFFS AND INTERVENOR LACK STANDING TO SUE LYNN BERAT  . 7

    A. Plaintiffs Suffered No Actual Injury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    B. Plaintiffs Suffer No Threatened Injuries  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    C. Parents for Children First Lacks Standing to Sue  . . . . . . . . . . . . . . . . . . . . . . . . 9

    D. Individual Plaintiffs' Failure to Identify Themselves Dooms Their Complaint . . . . . . 10

    E. Intervenor Suffered No Injury  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

POINT II: LYNN BERAT DID NOT ACT UNDER COLOR OF STATE LAW AS TO
PLAINTIFFS OR INTERVENOR  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

POINT III: PLAINTIFFS' AND INTERVENOR'S CLAIMS ARE NOT PLAUSIBLE  . . . . . 15

    A. Plaintiffs' Claims of Conspiracy are Not Plausible  . . . . . . . . . . . . . . . . . . . . . . . . 16

    B. Intervenor Insufficiently Alleges Discrimination by Ms. Berat  . . . . . . . . . . . . . . . 17

POINT IV: THE COMPLAINT FAILS TO STATE A FOURTH AMENDMENT CLAIM  . . 18

POINT V: THE COURT SHOULD DECLINE TO EXERCISE JURISDICTION OVER
PLAINTIFFS' AND INTERVENOR'S STATE LAW CLAIMS  . . . . . . . . . . . . . . . . . . . 20

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

i

# TABLE OF AUTHORITIES

**Cases**

Abdu–Brisson v. Delta Air Lines, Inc., 239 F.3d 456 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . 18

Adams v. New York State Educ. Dept., 752 F.Supp.2d 420 (S.D.N.Y. 2010) . . . . . . . . . . . . . . 12

Aguayo v. Richardson, 473 F.2d 1090(2d Cir. 1974), *cert. den.* 414 U.S. 1146 (1974) . . . . . . . . 9

Amidax Trading Group v. S.W.I.F.T. SCRL, ___ F.3d ___, 2011 WL 6317466
(2d Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Anilao v. Spota, 774 F.Supp.2d 457 (E.D.N.Y. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Arar v. Ashcroft, 585 F.3d 559 (2d Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

Arizona Christian School Tuition Organization v. Winn, 131 S.Ct. 1436 (2011) . . . . . . . . . . 7, 9

Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007) . . . . . . . . . . . . . 13, 16, 17

Bermudez v. City of New York, 783 F.Supp.2d 560 (S.D.N.Y. 2011) . . . . . . . . . . . . . . . . . . . . 17

Blau v. Fort Thomas Pub. Sch. Dist., 401 F.3d 381(6th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . 7

Blum v. Yaretsky, 457 U.S. 991, 102 S.Ct. 2777 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Board of Education of Independent School District No. 92 of Pottawatomie County
v. Earls, 536 U.S. 822 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Campbell v. Alliance Nat'l Inc., 107 F.Supp.2d 234 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . 18

Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Chandok v. Klessig, 632 F.3d 803 (2d Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Ciambriello v. County of Nassau, 292 F.3d 307 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . 13

Dahlberg v. Becker 748 F.2d 85 (2d Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

De la Cruz v. City of New York, 783 F.Supp.2d 622 (S.D.N.Y. 2011) . . . . . . . . . . . . . . . . . . . . 18

<u>Doe v. Megless</u>, 654 F.3d 404 (3d Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

<u>Doe v. Smith</u>, 105 F.Supp.2d 40 (E.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

<u>Doe v. City of Chicago</u>, 360 F.3d 667 (7th Cir 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10,11

<u>Ebewo v. Fairman</u>, ___ Fed.Appx. ___, 2012 WL 615743 (2d Cir. Feb 28, 2012) . . . . . . . . . . 12

<u>Electronics Communications Corp. v. Toshiba</u>, 129 F.3d 240 (2d Cir. 1997) . . . . . . . . . . . . . . 16

<u>Ginsberg v. Healey Car & Truck Leasing, Inc.</u>, 189 F.3d 268 (2d Cir. 1999) . . . . . . . . . . . . . . 15

<u>Gorman-Bakos v. Cornell Coop. Extension of Schenectady Cty.</u>, 252 F.3d 545
(2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

<u>Hoffman v. Board of Educ.</u>, 49 N.Y.2d 121, 424 N.Y.S.2d 376 (1979) . . . . . . . . . . . . . . . . . . 8

<u>Klein & Co. Futures, Inc. v. Bd. Of Trade of City of New York</u>, 464 F.3d 255 (2d Cir. 2006)   20

<u>Kolari v. New York-Presbyterian Hosp.</u>, 455 F.3d 118 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . 20

<u>Leon v. Murphy</u>, 988 F.2d 303 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

<u>Missere v. Gross</u>, ___ F.Supp.2d ___, 2011 WL 6030665 (S.D.N.Y.) . . . . . . . . . . . . . . . . . . . . 14

<u>New Jersey v. T.L.O.</u>, 469 U.S. 325 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

<u>Nnebe v. Daus</u>, 644 F.3d 147 (2d Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

<u>O'Connor v. Pierson</u>, 426 F.3d 187 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

<u>Parker v. Hurley</u>, 514 F.3d 87 (1st Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>Plyler v. Doe</u>, 457 U.S. 202, 102 S.Ct. 2382 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>Polk County v. Dodson</u>, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) . . . . . . . . . . . . 12

<u>Posner v. Sprint/United Mgmt. Co.</u>, 478 F.Supp.2d 550 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . 18

<u>Price Waterhouse v. Hopkins</u>, 490 U.S. 228, 109 S.Ct. 1775 (1989) . . . . . . . . . . . . . . . . . . . . . 18

<u>Prowisor v. Bon-Ton, Inc.</u>, 232 Fed.Appx. 26 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

San Filippo v. U.S. Trust Co. of New York, Inc., 737 F.2d 246 (2d Cir. 1988) . . . . . . . . . . . . 13

San Antonio Independent School Dist. v. Rodriguez, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434 (6th Cir. 1988) . . . . . . . . . . . . . . . . 8

Scotto v. Almenas, 143 F.3d 105 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185 (2d Cir. 2008) . . . . . . . . . . . . . . . . . . . 10, 11

Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . 16

Swanson v. Guthrie Independent School District No. 1-L, 135 F.3d 694 (10th Cir. 1998) . . . . . 7

Thomas v. Roach, 165 F.3d 137 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Torres v. Little Flower Children's Services, 64 N.Y.2d 119, 485 N.Y.S.2d 15 (1984) . . . . . . . . 8

Whitmore v. Arkansas, 495 U.S. 149, 110 S.Ct. 1717 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Woroski v. Nashua Corp., 31 F.3d 105(2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Wrighten v. Glowski, 232 F.3d 119 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Young v. Suffolk County, 705 F.Supp.2d 183 (E.D.N.Y. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . 15

Zembiec v. Cnty. Of Monroe, 766 F.Supp.2d 484 (W.D.N.Y. 2011) . . . . . . . . . . . . . . . . . . . . . 14

**Constitutions, Statues, and Regulations**

U.S. Constitution, Article III . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

42 U.S.C. §1981 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 13

42 U.S.C. §1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 91 10, 12, 13, 15

42 U.S.C. §1985 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 13

42 U.S.C. §1988 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

42 U.S.C. §2000d, Title VII ..................................................... 5

FRCP 5.2(a)(3) ................................................................. 10

FRCP 10(a) ................................................................. 10, 11

FRCP 12(b)(6) ................................................................. 7

.

## STATEMENT OF FACTS

PS 184M, a public elementary school operated by the New York City Department of Education, is located at 327 Cherry Street, in Community School District 1, on Manhattan's Lower East Side. (Second Amended Complaint "2d AC" ¶38)  PS 184M, also known as Shuang Wen School, provides a superb education to children from pre-kindergarten through eighth grade.  (*Id.*)   The quality of the teaching is superb (*Id.* ¶41); the quality of extracurricular activities is superb (*Id.* ¶46); and the quality of student preparation for high school is extraordinary.  (*Id.* ¶41) Besides providing a superb elementary education, Shuang Wen School stands alone in the City in providing instruction in the Mandarin Chinese language (*Id.* ¶50) and Chinese culture (*Id.* ¶40) to its students.  The school celebrates the Chinese New Year (*Id.* ¶117), and the eighth grade class goes on a trip to China (*Id.* ¶46).

Although the school is located in District 1 (*Id.* ¶38), parents from outside the District seek to enroll their children in Shuan Weng School. (*Id.* ¶50)

Defendant Lynn Berat is the parent of seven children who are elementary school students at Shuang Wen School (Intervenor First Amended Complaint, "IAC," ¶16) Although Ms. Berat did not live in District 1 when her oldest children started school (2d AC ¶97),[1] she now does. (*See* Summons, which lists defendant Berat's address).

Since 2008, Ms. Berat has made various complaints to the New York City Department of Education ("DOE") about the school.  She complained about the classroom placement of her twins in pre-kindergarten.  (*Id.* ¶58)  She complained that an individual parent, not a party to this litigation, verbally abused Ms. Berat's child, and allegedly insulted and taunted the non-party's child. (*Id.* ¶¶108, 134(b), 145(b))  She allegedly accused the principal of misrepresentations

---

[1] Ms. Berat denies the allegation that she falsified her address in order to enroll her children at Shuang Wen School. (*Id.* ¶97).  However, she does not challenge this, or other alleged facts, on a motion under F.R.C.P. 12(b)(6).

concerning a school event. (*Id.* ¶59)  She allegedly accused some parents of rigging a school election. (*Id.* ¶60)

Two other complaints concerned more serious misconduct on the part of the former principal of Shuang Wen School, Intervenor Ling Ling Chou.  First, Intervenor participated in the illegal transfer of school funds and the commingling of school funds with funds of the Parents Association of Shuang Wen School and SWAN (the "Shuang Wen Academy Network"), a not-for-profit corporation which operates an after-school program housed in the PS 184M building (2d AC ¶39) and illegally transferring funds among the three organizations' bank accounts.  (IAC ¶52)  Second, Chou unlawfully invited children who lived outside District 1 to attend Shuang Wen School (IAC ¶43), although they were legally prohibited from doing so.  (2d AC ¶50).  In short, Ms. Berat acted as a whistle-blower,[2] exercising her First Amendment right to petition DOE for redress of grievances.

Rather than taking those complaints at face value, defendant DOE commenced investigations of the complaints.  (IAC ¶47)  Ms. Berat cooperated, and provided DOE with information about children who lived out-of-district (*Id.* ¶97) and were thus legally ineligible to attend the school.  (2d AC ¶50)  Ms. Berat participated with a DOE employee inspecting the files of the school's parent association, located in the parents' room, *i.e.*, not in an area open to students.  (*Id.* ¶78)  After the DOE transferred intervenor to another position within the Department, Ms. Berat was interviewed by a DOE investigator (IAC ¶43) and provided him with copies of email messages.

Although Ms. Berat took the trouble to send her children far away from home, rather than

---

[2]The minimal accusations against Ms. Berat stand in sharp contrast to the allegations of more serious misconduct by the other two parents who are defendants in this action  – Edward Primus and the late Saultan Baptiste.

2

to their local elementary school, plaintiffs allege that she made her complaints in an effort to

destroy Shuang Wen School (*Id.* ¶4) and to sabotage the extraordinary education that it provides

to Ms. Berat's own seven children. According to plaintiffs, the reason that Ms. Berat wishes to

destroy the school, and her children with it, is that Ms. Berat, who hand-picked Shuang Wen

School for her children, suffers from anti-Asian animus (*Id.* ¶34). Indeed, Ms. Berat allegedly

selected a school for her children which is staffed and attended by people who "can't think" and

are "incapable of thinking." (*Id.* ¶62)

If Ms. Berat had actually attempted to destroy the school during the past three years, she

failed miserably. Shuang Wen has continued to provide the highest quality education to its

students. Its students still excel (*Id.* ¶41), and are still accepted into the City's most selective

high schools. (*Id.*)

The DOE investigations are ongoing. (IAC ¶59) Intervenor admits to commingling

school funds. (IAC ¶49) Pending the outcome of the investigations, the DOE has transferred

Intervenor to a different position within the agency, without changing her salary. (IAC ¶93)

Plaintiffs and Intervenor have suffered no injury at the hands of Lynn Berat.


## STATEMENT OF THE CASE

The Second Amended Complaint (Doc. 111), is the third attempt of plaintiffs to allege

claims against defendant Lynn Berat.

Plaintiffs David Lee and Children First Parents, an unincorporated association formed

expressly for the purpose of commencing the instant lawsuit, commenced the suit eight months

ago, on June 24, 2011, by serving a summons and complaint, seeking declaratory and injunctive

relief and an "inquest" for "treble damages" (Doc. 1, p. 31) against defendants New York City

Department of Education, Education Chancellor Dennis Walcott (in his official capacity only),

and three individuals, parents of current or former students at PS 184M – Lynn Berat, Edward

Primus, and the deceased Saultan Baptiste (whose estate was named as a defendant).  Plaintiff

Lee claimed to be the parent of a child at Shuang Wen School and Children First Parents claimed

to be a group of parents of children at the same school.

Concurrently, plaintiffs filed an Order to Show Cause for a preliminary injunction,

seeking, *inter alia*:

-to bar the Department of Education from removing Ling Ling Chou (a non-party) as

principal of the school,

-to reopen the bank accounts of the Parents Association of the school (a non-party),

which the Department of Education had frozen while investigating complaints of financial

mismanagement and commingling of Parents Association funds with monies belonging to the

school itself and to SWAN; and

-to prohibit defendants Berat, Primus, and the deceased Baptiste from filing grievances

with DOE, grievances which are expressly permitted by New York law.

Plaintiffs did not seek a temporary restraining order.

On July 1, 2011, DOE transferred principal Ling Ling Chou to another position within

the Department, at the same salary.  DOE assigned Iris Chiu as acting principal of Shuang Wen

School (IAC ¶87).

On July 15, 2011, plaintiffs filed an Amended Complaint.  (Doc. 34)  The Amended

Complaint renamed plaintiff David Lee as "David L," renamed plaintiff "Children First Parents"

as "Parents for Children First," and added three new plaintiffs "Guan N., a minor," daughter of

David L., "You G., a minor," and "Juan H.," the mother of You G.  The Amended Complaint

4

added three new defendants – Aixa Torres, Jamel Boyer and Alaiyeora Tejumade –all employees of the New York City Department of Education.

On July 28, 2011, at oral argument of the preliminary injunction motion,, plaintiffs increased their demands, asking that the Court reinstate Ling Ling Chou, who was still not a party to the action.  Plaintiffs also reiterated their demand that defendants Berat, Primus, and Baptiste be barred from filing grievances with the Department of Education.

The court characterized plaintiffs' claim that Ms. Berat was a state actor who conspired with DOE as "a tough sell."  (Doc. 63, p. 32)  The motion for preliminary injunction was denied.

On October 17, 2011, Ling Ling Chou moved by Order to Show Cause to intervene as a plaintiff in the instant action.  (Doc. 74)  Defendant Chou's proposed complaint, submitted with her motion to intervene, named the same defendants, including Lynn Berat.  Defendant Berat opposed the motion to intervene.  (Doc. 87)

On December 13, 2011, this Court granted the motion. (Minute Entry, Dec. 13, 2011).  After filing her complaint, Intervenor Ling Ling Chou filed her First Amended Complaint on February 17, 2012.  (Doc. 121)  The complaint contains ten causes of action: (1) violation of due process and equal protection, under 42 U.S.C. §1983; (2) respondeat superior against DOE only; (3) violation of the State constitution; (4) discrimination based on race, under 42 U.S.C. §1981; (5) conspiracy to deprive plaintiff of equal protection, under 42 U.S.C. §1985; (6) discrimination under Title VII, 42 U.S.C. §2000d *et seq.*,[3] New York City law, and state law; (7) defamation; (8) intentional infliction of emotional distress; (9) negligent infliction of emotional distress; (10) negligence.

---

[3] "[I]ndividuals [like Ms. Berat] are not subject to liability under Title VII."  Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000).  Title VII applies to organizations only.

On December 16, 2011, plaintiffs, now represented by new counsel, made a motion to file a Second Amended Complaint. (Doc. 102)  Defendant Berat did not oppose the motion.

The Second Amended Complaint adds two more plaintiffs, "Kelly P., a minor," and "Judith P.," the mother of Kelly.  The Second Amended Complaint eliminates one defendants – Aixa Torres, while retaining as defendants the three parents – Lynn Berat, Edward Primus, and the Estate of Saultan Baptiste.  This complaint contains four Counts: (I) denial of equal protection, under 42 U.S.C. §1983; (II) violations of New York City law; (III) denial of procedural due process, under 42 U.S.C. §§1981 and 1983; and (IV) unlawful search and seizure of plaintiffs' children, under 42 U.S.C. §§1981 and 1983.  The Fourth Cause of Action apparently applies to City defendants only, as Ms. Berat is never alleged to have seized anyone.

The court ordered that defendants respond to the complaints on or before March 19, 2012.  Defendant Berat has moved to dismiss the complaints.  This memorandum of law is written in support of that motion.

6

## ARGUMENT

## POINT I

## PLAINTIFFS AND INTERVENOR LACK STANDING TO SUE LYNN BERAT

Standing, under Article III of the Constitution, has three criteria: 1) the plaintiff must have suffered a "concrete and particularized" injury, not "conjectural" or "hypothetical," which was 2) caused by the defendant and not by "the independent action of some third party"; and 3) it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" Arizona Christian School Tuition Organization v. Winn, 131 S.Ct. 1436, 1442 (2011). Plaintiffs and intervenor fail that test. Since they lack standing, this Court lacks jurisdiction over their complaints.

### A. Plaintiffs Suffered No Actual Injury

Far from alleging a "concrete and particularized injury," plaintiffs do not claim that Lynn Berat caused them any injury at all. They allege that she attempted to sabotage the school, but failed. The students at PS 184M still excel academically, and hence have suffered no injury.

Plaintiffs' allegation that Ms. Berat somehow caused the DOE to reassign the school's principal fails as a matter of law. It is black letter law that "[p]ublic education is not a 'right' granted to individuals by the Constitution." Plyler v. Doe, 457 U.S. 202, 221, 102 S.Ct. 2382, 2396 (1982), citing San Antonio Independent School Dist. v. Rodriguez, 411 U.S. 1, 35, 93 S.Ct. 1278, 1298, 36 L.Ed.2d 16 (1973). As a corollary, "[p]arents simply do not have a constitutional right to control each and every aspect of their children's education. . . ." Swanson v. Guthrie Independent School District No. 1-L, 135 F.3d 694, 699 (10th Cir. 1998); accord, Parker v. Hurley, 514 F.3d 87, 102 (1st Cir. 2008); Blau v. Fort Thomas Pub. Sch. Dist., 401 F.3d 381, 395 (6th Cir. 2005). Thus, parents do not have a right to select the principals of their children's

7

schools.  Plaintiffs have no standing to claim that Lynn Berat caused the DOE to transfer the

school's principal, because plaintiffs suffered no legally-cognizable constitutional injury as a

result of that transfer.

      Recognizing that, plaintiffs claim a "right" to education under state law.  (2d AC ¶4).

That claim is also incorrect.  Under New York law, children and their parents have no right to

challenge the quality of their education.  Torres v. Little Flower Children's Services, 64 N.Y.2d

119, 485 N.Y.S.2d 15 (1984); Hoffman v. Board of Educ., 49 N.Y.2d 121, 424 N.Y.S.2d 376

(1979).

      The complaint does not allege that Lynn Berat caused any injury to plaintiff David L.,

Juan H., Judith P., and their children ("individual plaintiffs").  Of the vague  allegations of harm

which Ms. Berat allegedly participated in, none of the plaintiffs suffered any injury personally as

a result of the purported conduct of Ms. Berat.  Instead, plaintiffs claim to have been injured by

defendant DOE, and that unnamed parents may be affected generally (2d AC ¶¶34, 35), but not

by Ms. Berat.  In fact, although the complaint alleges that Ms. Berat acted out of anti-Asian

animus, the complaint implicitly concedes that plaintiff Judith P. and her daughter are not Asian.

(2d AC ¶¶15-16)  See, Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir.

1988) ("when a complaint omits facts that, if they existed, would clearly dominate the case, it

seems fair to assume that those facts do not exist.")

      Nor does the complaint adequately allege that Ms. Berat's complaints to DOE threaten to

cause harm to plaintiffs.  "A threatened injury must be 'certainly impending' to constitute injury

in fact."  Whitmore v. Arkansas, 495 U.S. 149, 158, 110 S.Ct. 1717, 1724-25 (1990).  Thus,

"allegations of possible future injury do not satisfy the requirements of Art[icle] III."  Id.  Yet

that is all plaintiffs allege – vague statements that, without the principal whom the DOE

reassigned, Shuang Wen School may deteriorate, and the quality of the education it to provides

(to Ms. Berat's children as well as plaintiffs') may suffer. Said claims are not "concrete and

particularized" and "actual or imminent," but are merely "conjectural or hypothetical." Amidax

Trading Group v. S.W.I.F.T. SCRL, ___ F.3d ___, 2011 WL 6317466 *4 (2d Cir. 2011). Such

conjecture fails to satisfy the requirements of Article III of the Constitution.

### B. Plaintiffs Suffer No Threatened Injuries

Ms. Berat's actions have no connection to plaintiffs' potential constitutional injuries.

Making allegedly false complaints to the government (2d AC ¶32), which is currently

investigating those complaints (Id.), does not establish a "fairly traceable connection" between

individual plaintiffs and Ms. Berat's actions. Any theoretical injuries that plaintiffs may sustain

were caused by "the independent actions of" DOE, not Ms. Berat. Arizona, supra. Therefore,

plaintiffs have no standing to sue her. While plaintiffs hint that Ms. Berat somehow forced a

City governmental agency to do her bidding, this Court has already characterized that claim as

"a tough sell." (Doc. 63, p. 32) The Second Amended Complaint does not sell that claim.

The instant action is nothing more than a SLAPP suit (Strategic Lawsuit Against Public

Participation), brought by anonymous parents who support a government employee who is under

investigation for wrongdoing, attempting to chill the whistle-blower who has had the courage to

challenge that wrongdoing. See, Chandok v. Klessig, 632 F.3d 803, 818-19 (2d Cir. 2011).

### C. Parents for Children First Lacks Standing To Sue

An association has no standing to bring suit on the behalf of its members under 42 U.S.C.

§ 1983, since the rights protected by §1983 are "personal to those purportedly injured." Nnebe

v. Daus, 644 F.3d 147, 156 (2d Cir. 2011); Aguayo v. Richardson, 473 F.2d 1090, 1099 (2d Cir.

1974), cert. den. 414 U.S. 1146 (1974) ("Neither [the] language nor the history . . . suggests that

9

an organization may sue under the Civil Rights Act for the violations of rights of members.").

Parents for Children First (PCF), an unincorporated association, necessarily sued on behalf of its members, under 42 U.S.C. §1983. PCF does not claim to have any independent interest outside of the interests of its members. It was created solely for the purpose of filing this lawsuit,[4] perhaps as a shell to conceal the identities of individuals who do not want this Court, or Ms. Berat, to know who they are. Since PCF does not exist outside of this lawsuit, it has no interests independent of the interests of its members; its complaint should be dismissed in its entirety.

## D. Individual Plaintiffs' Failure to Identify Themselves Dooms Their Complaint

A complaint must "name the parties." FRCP 10(a). The instant complaint fails to do so, and instead uses the pseudonyms "David L.," "Juan H.," and "Judith P."[5] Accordingly, the complaint is inadequate as a matter of law, and must be dismissed.

While a court has discretion to permit plaintiffs to litigate under pseudonyms "in certain circumstances," if the plaintiffs seek permission to do so, <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 189 (2d Cir. 2008), plaintiffs here have not sought permission but simply engaged in self-help. The Rules of Civil Procedure do not permit such a tactic.

Even if the plaintiffs had sought to sue without disclosing their names, said request should have been denied. Plaintiffs' "use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." <u>Doe v. City of Chicago</u>, 360 F.3d 667, 669-

---

[4] See Doc. 12, ¶¶7-10.

[5] Ms. Berat notes plaintiffs' violation of FRCP 5.2(a)(3), which requires that infants be identified by initials only.

70 (7th Cir 2004). Using fictitious names, as plaintiffs have done here, violates the rule that "[j]udicial proceedings are supposed to be open, . . . in order to enable the proceedings to be monitored by the public." Doe v. City of Chicago, 360 F.3d 667, 669 (7th Cir 2004). Indeed, "identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011). Litigants may use fictitious names in "exceptional cases" only. Doe v. Smith, 105 F.Supp.2d 40, 44 (E.D.N.Y. 1999). Courts must balance "the plaintiff's interest in anonymity" against "both the public interest in disclosure and any prejudice to the defendant." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 189 (2d Cir. 2008).

In the instant case, the plaintiffs have no interest in anonymity. By contrast, Lynn Berat has suffered and will suffer extreme prejudice by not knowing who is suing her. Without knowing who has made the false allegations against her, she is hampered in refuting them.

As plaintiffs have offered no alternative explanation, Ms. Berat submits that the real reason that plaintiffs refuse to comply with FRCP 10(a) is that revealing their identities would also reveal that plaintiffs may be among those parents whom DOE is investigating for not living in District 1 and hence sending their children to PS 184M illegally. But courts must deny requests to proceed anonymously "where plaintiffs have complained that proceeding publicly would cause embarrassment, humiliation, and economic harm. . . ." Doe v. Smith, 105 F.Supp.2d 40, 44 (E.D.N.Y. 1999). This Court should dismiss the claims of the individual plaintiffs.

**E. Intervenor Suffered no Injury**

Intervenor has been transferred from one DOE position to another (IAC ¶40), by a party other than Ms. Berat. Intervenor does not allege any decrease in her salary as a result of this

11

transfer, and, indeed, continues to receive her same salary. She has not been deprived of any property interest by reason of the transfer. *See,* O'Connor v. Pierson, 426 F.3d 187, 199 (2d Cir. 2005) ("no court has held that an employee on fully paid leave has been deprived of a property right merely by virtue of being relieved of his job duties.")

The O'Connor rule explicitly applies to DOE employees, such as intervenor. Ebewo v. Fairman, ___ Fed.Appx. ___, 2012 WL 615743 (2d Cir. Feb 28, 2012), *affirming* Adams v. New York State Educ. Dept., 752 F.Supp.2d 420 (S.D.N.Y. 2010). Intervenor's claims have been wiped out by the Second Circuit.

## POINT II

### LYNN BERAT DID NOT ACT UNDER COLOR OF STATE LAW AS TO PLAINTIFFS OR INTERVENOR

The Civil Rights Act, 42 U.S.C. §1983, provides individuals with a remedy against only those defendants who act "under color of state law." Polk County v. Dodson, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). The statute does not apply to private actions by private defendants. Blum v. Yaretsky, 457 U.S. 991, 102 S.Ct. 2777 (1982). Indeed, the Fourteenth Amendment itself, upon which plaintiffs primarily base their claims (2d AC ¶¶1, 146-49, 159-72, 173-77), "erects no shield against merely private conduct, however discriminatory or wrongful." Blum v. Yaretsky, 457 U.S. 991, 1002, 102 S.Ct. 2777, 2785 (1982).

Lynn Berat is a private citizen (2d AC ¶23), the mother of seven elementary school students (IAC ¶16), not a government employee. Thus, plaintiffs cannot obtain any relief against Ms. Berat unless she falls within a small class of private citizens who are deemed to act under color of state law. The issue of whether a civil rights defendant acts under color of state law is

12

"an intensely fact-specific judgment unaided by rigid criteria as to whether particular conduct may be fairly attributed to the state." <u>Arar v. Ashcroft</u>, 585 F.3d 559, 568 (2d Cir. 2009).

Plaintiffs' sole assertion of state action is that defendant Berat "conspired with the Department of Education" (<u>Id.</u> ¶35) to violate plaintiffs' constitutional rights. Intervenor parrots that allegation. (IAC ¶67) Plaintiffs and intervenor make said allegation with regard to their claims under both 42 U.S.C. §§1981 and 1983.[6] Intervenor makes said allegations with regard to her claims under 42 U.S.C. §1985 as well.

Where, as here, a claim is based upon an alleged conspiracy, "a bare assertion of conspiracy will not suffice." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556-57, 127 S.Ct. 1955, 1966 (2007); <u>Ciambriello v. County of Nassau</u>, 292 F.3d 307, 324 (2d Cir. 2002). Instead, the complaint must allege "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional and (3) an overt act done in furtherance of that goal causing damages." <u>Ciambriello v. County of Nassau</u>, 292 F.3d 307, 324 (2d Cir. 2002). A private citizen who merely cooperates with a government investigation, as Ms. Berat did, does not act under color of state law. <u>Scotto v. Almenas</u>, 143 F.3d 105, 114-15 (2d Cir. 1998). Even meeting with a government investigator, as Ms. Berat did, is insufficient to constitute a conspiracy under §1983. <u>San Filippo v. U.S. Trust Co. of New York, Inc.</u>, 737 F.2d 246, 256 (2d Cir. 1988).

Not even lobbying a village to invalidate plaintiff's zoning permits, succeeding in getting the permits invalidated, or receiving favorable treatment from the village, makes the defendant

---

[6] It is unclear whether plaintiffs make §1981 claims against Ms. Berat, since the §1981 claims are contained in Count III, which appears to apply to DOE defendants only. (2d AC ¶¶162, 168, 170). Likewise, intervenor's §1981 claims may or may not include Ms. Berat.

into a state actor for the purposes of a constitutional claim. Missere v. Gross, ___ F.Supp.2d ___, 2011 WL 6030665 (S.D.N.Y.)  Ms. Berat's actions do not constitute "joint action" with the DOE absent facts showing a "plan prearrangement, conspiracy, custom, or policy." Id. at *16.

Plaintiffs' factual allegations show only that Ms. Berat made complaints to DOE, not that she conspired with DOE.  The "invocation by defendants of New York's legal procedures" does not constitution actuion under color of state law.  Dahlberg v. Becker 748 F.2d 85, 93 (2d Cir. 1984).  Plaintiffs have failed to allege any facts to connect Ms. Berat and the Department of Education beyond conclusory and circumstantial allegations.

A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.  Leon v. Murphy, 988 F.2d 303, 311 (2d Cir. 1993); Zembiec v. Cnty. Of Monroe, 766 F.Supp.2d 484, 498 (W.D.N.Y. 2011).  A plaintiff must provide some factual basis supporting a claim that the defendant acted in a willful manner, culminating in an agreement, understanding or "meeting of the minds," such that defendants entered into an agreement, express or tacit, to achieve the unlawful end.  Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009).  A plaintiff must also allege, with at least some degree of particularity, overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy.  Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999).

Plaintiffs' allegations that the Department of Education and Ms. Berat "conspired together in their actions against the School and its parent and student body" (2d AC ¶35) is conclusory and implausible.  By tenuous association, Plaintiffs attempt to weave the allegations that Ms. Berat filed complaints against non-parties together with the Department of Education's subsequent actions against certain individuals at the school.  Similar to the "color of state law"

14

analysis above, plaintiffs fail to allege specific overt acts which Ms. Berat and the Department of Education engaged in which would indicate any sort of conspiracy.

An individual who did nothing more than "supply information to police officers who then acted on their own initiative," does not act under color of state law.  Young v. Suffolk County, 705 F.Supp.2d 183, 196 (E.D.N.Y. 2010).  *Accord*, Prowisor v. Bon-Ton, Inc., 232 Fed.Appx. 26 (2d Cir. 2007) (private security guard who provided information to police, who then arrested plaintiff, did not act under color of state law).  The mere "provision of background information to a police officer does not by itself make [a defendant] a joint participant in state action under Section 1983."  Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 272 (2d Cir. 1999).  That rule applies "even if the information provided is false or results in the officers taking affirmative action."  Anilao v. Spota, 774 F.Supp.2d 457, 498 (E.D.N.Y. 2011).

Here, Ms. Berat stands accused of providing information, in the form of complaints of wrongdoing by proposed intervenor, to the Department of Education.  According to intervenor, the Department of Education then acted on its own to reassign the proposed intervenor.  (IAC ¶¶38-40)  That accusation is legally insufficient to constitute state action under §§1981 or 1983.

Here, Ms. Berat stands accused of being a whistleblower, *i.e.*, providing information of wrongdoing to the Department of Education, which investigated her complaints and took action based on its findings.  That activity is protected by the First Amendment. This Court should therefore dismiss plaintiffs' and intervenors' federal claims against Ms. Berat.

## POINT III

### PLAINTIFFS' AND INTERVENORS' CLAIMS ARE NOT PLAUSIBLE

To survive a motion to dismiss, a pleading must offer more than "labels and conclusions"

or a "formulaic recitation of the elements of a cause of action, a complaint must "contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  The plausibility standard requires more than a

mere possibility that a defendant has acted unlawfully, and requires more than the setting forth

of facts consistent with an unlawful action. *Id.* at 1949–50, *citing* Bell Atlantic v. Twombly, 550

U.S. 544, 570 (2007).  Conclusory statements cannot establish minimally sufficient factual

allegations to overcome a motion to dismiss. *Id.* at 1950; Smith v. Local 819 I.B.T. Pension

Plan, 291 F.3d 236, 240 (2d Cir. 2002); Electronics Communications Corp. v. Toshiba, 129 F.3d

240 (2d Cir. 1997).

**A. Plaintiffs' Claims of Conspiracy are Not Plausible**

  Plaintiffs and intervenor allege that Lynn Berat selected Shuang Wen School for her

seven children, even though they all live outside of the district, requiring all seven chidlren to

travel.  Having hand-picked the school, Ms. Berat allegedly then set out to destroy the school

and the high-quality education it provides to its students, while her own children were still

attending the school.  Moreover, while Ms. Berat carefully selected, for her own children, the

only school in the City of New York which provides instruction and enrichment programs in

both the Mandarin language and Chinese culture, she is now allegedly attempting to sabotage the

school (and her own children's education) because of anti-Asian animus.

  The vague allegations of conspiracy between Ms. Berat and DOE in the Second

Amended Complaint, "much like the pleading of conspiracy in Twombly, amount to nothing

more than a 'formulaic recitation of the elements' of a constitutional discrimination claim. . . ."

Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1951 (2009).

  Intervenor's allegations against Ms. Berat are likewise not plausible.  Intervenor pleads

16

insufficient factual content to satisfy the *Iqbal* standard. In fact, the intervenor merely makes

boilerplate statements outlining various causes of action. Those statements are insufficient; "a

plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

Twombly, 550 U.S. at 555, 127 S.Ct. 1955 (internal quotations, citations, and alterations

omitted). Thus, unless a plaintiff's well-pleaded allegations have "nudged [its] claims across the

line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." Bermudez v.

City of New York, 783 F.Supp.2d 560, 573 (S.D.N.Y. 2011), *quoting* Twombly at 570, 127 S.Ct.

1955, and Iqbal, 129 S.Ct. at 1950–51.

It is implausible that Ms. Berat caused intervenor to be transferred from her position as

principal of Shuang Wen School to a different position within the Department of Education.

Indeed, the proposed verified complaint implicitly concedes that Ms. Berat did not cause the

transfer, because it states that the Department of Education, rather than slavishly adhering to Ms.

Berat's complaints, started investigations of the accusations, investigations which have

proceeded cautiously for two years, from 2009 to 2011. (IAC ¶41-42) It was not until the end of

the two-year period that DOE transferred intervenor to her new position. Those allegations do

not state the necessary causal nexus between any complaint and intervenor's transfer.

## B. Intervenor Insufficiently Alleges Discrimination by Ms. Berat

Intervenor claims that Ms. Berat filed complaints against intervenor with the Department

of Education, which were motivated by racial animus against Asian people, because of a

statement that Ms. Berat allegedly made in 2009. (IAC ¶46). Intervenor claims that, based upon

those complaints, DOE transferred Ms. Chou to a different position within the Department. That

claim fails to state a cause of action. "[A]llegedly discriminatory comments made by a

17

nondecisionmaker are, as a matter of law, insufficient to raise an inference of discrimination." De la Cruz v. City of New York, 783 F.Supp.2d 622, 643 (S.D.N.Y. 2011), *citing* Price Waterhouse v. Hopkins, 490 U.S. 228, 277, 109 S.Ct. 1775 (1989) (O'Connor, J. concurring). Nor can a discrimination plaintiff rely solely on "stray remarks," even if made by a decisionmaker, to prove her claim. Abdu–Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 468 (2d Cir. 2001), *citing* Woroski v. Nashua Corp., 31 F.3d 105, 109–10 (2d Cir. 1994).

Moreover, a remark that is made too remote in time from the allegedly discriminatory behavior does not support a claim of discrimination. Gorman-Bakos v. Cornell Coop. Extension of Schenectady Cty., 252 F.3d 545, 554 (2d Cir. 2001); *accord*, Campbell v. Alliance Nat'l Inc., 107 F.Supp.2d 234, 247 (S.D.N.Y. 2000) (discriminatory remark was too remote when made a year before the termination, by a non-decision-maker); Posner v. Sprint/United Mgmt. Co., 478 F.Supp.2d 550, 559 (S.D.N.Y. 2007) (remoteness of an isolated remark, the non-supervisory status of the commenter, and the comments themselves all supported the conclusion that remark did not evidence discrimination). Ms. Berat allegedly made one stray discriminatory remark in October, 2009. [7] The DOE transferred intervenor in 2011. Ms. Berat's remark is too remote to be considered a cause of the transfer.

## POINT IV

## THE COMPLAINT FAILS TO STATE A FOURTH AMENDMENT CLAIM

Plaintiffs allege that defendants violated their Fourth Amendment rights by "having their

---

[7] Ms. Berat, who sends her seven school-aged children to Shuang Wen School, which celebrates Chinese language and culture, and includes instruction in Mandarin, is appalled by the false allegations that she is biased against Asian people. It is only for the purposes of this motion that she does not challenge the truth of the accusations in the complaint.

children pulled out of class without notice, detained and interrogated without notice or parental consent, and in circumstances where there was no emergency or imminent threat." (2d AC ¶175). Lynn Berat does not believe that said cause of action refers to her because she is not alleged to have searched, seized, or interrogated any children. Those actions were taken by DOE employees. While she is alleged to have made complaints that children who lived outside the district unlawfully attended Shuang Wen School, it was the DOE employees, and not Ms. Berat, who determined how those complaints would be investigated (e.g., 2d AD ¶135), and the DOE employees who carried out the investigation by allegedly questioning children at Shuang Wen School during school hours. (2d AC ¶176).

Even if Ms. Berat had somehow caused the questioning of the students, that activity does not violate the Constitution. Teachers and administrators have a substantial interest "in maintaining discipline in the classroom and on school grounds." New Jersey v. T.L.O., 469 U.S. 325, 339 (1985). Accordingly, "the accommodation of the privacy interests of schoolchildren with the substantial need of teachers and administrators for freedom to maintain order in the schools does not require strict adherence to the requirement that searches be based on probable cause to believe that the subject of the search has violated or is violating the law." Id. at 340. Indeed, when teachers or administrators search students pursuant to a legitimate school concern, they do not even need individualized suspicion. Board of Education of Independent School District No. 92 of Pottawatomie County v. Earls, 536 U.S. 822 (2002).

In the instant case, DOE employees questioned school students during school hours about a legitimate school interest – children attending the school who were not eligible to do so.

19

## POINT V

## THIS COURT SHOULD DECLINE TO EXERCISE JURISDICTION
## OVER PLAINTIFFS' AND INTERVENOR'S STATE LAW CLAIMS

District courts "may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006). Where all federal claims are eliminated in the early stages of litigation, "the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)); *accord*, Klein & Co. Futures, Inc. v. Bd. Of Trade of City of New York, 464 F.3d 255, 262 (2d Cir. 2006) ("where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.")  Because this case is in its earliest stages, this Court should decline to exercise supplemental jurisdiction over the state law claims of Plaintiffs (Count II of the 2d AC) and Intervenor (the Third, Sixth, Seventh, Eighth, Ninth and Tenth Causes of Action of IAC).

## CONCLUSION

For the foregoing reasons, defendant Lynn Berat respectfully requests that this Court issue an order:

WHEREFORE, defendant Berat respectfully requests that this Court issue an order:

1. Dismissing the claims of plaintiffs Guan N., David L., You G., Juan H., Kelly P., Judith P., and Parents for Children First, a/k/a Children First Parents, as to defendant Berat; and

2. Dismissing the claims of Intervenor Ling Ling Chou as to defendant Berat; and

3. Awarding defendant Berat reasonable costs and attorneys' fees against plaintiffs and Intervenor, pursuant to 42 U.S.C. §1988; and

4. Granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
       March 19, 2012

Carolyn A. Kubitschek
Lansner & Kubitschek
Attorneys for defendant Berat
325 Broadway, Suite 201
New York, NY 10007
(212) 349-0900
Ckubitschek@Lanskub.com

21