UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X
                                                          :
GUAN N., ET AL.,                                          :
                            Plaintiffs,                   :
                                                          :
                                                          :          11 Civ. 4299 (AJN)
        -v-                                               :
                                                          :          MEMORANDUM &
NYC DEPT. OF EDUCATION, ET AL.,                           :          ORDER
                                                          :
                            Defendants.                   :
                                                          :
--------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUL 2 3 2013

ALISON J. NATHAN, District Judge:

        This action arises out of investigations into PS 184M, also known as the Shuang Wen

School, initiated by the New York City Department of Education (the "DOE").  Plaintiffs,

current students at Shuang Wen and parents of students of Shuang Wen, contend that these

investigations were motivated by anti-Asian animus.

        The initial complaint in this action was filed on June 24, 2011, but has since been twice

amended.  (Dkt. #s 1, 34, 111)  The DOE answered the Second Amended Complaint, (Dkt. #

133), while defendant Lynn Berat moved for its dismissal, (Dkt. # 128).  In a lengthy opinion

issued January 7, 2013, the Court granted Ms. Berat's motion with respect to the § 1983 claims

asserted against her but denied her motion with respect to the remaining New York City Human

Rights Law claims.[1]  (Dkt. # 150)

        Defendant Edward Primus did not respond to the Second Amended Complaint,

presumably because his request for *pro bono* counsel was still pending.  This request was

ultimately granted, (Dkt. # 123), and *pro bono* counsel has now entered an appearance on behalf

of Mr. Primus, (Dkt. # 149).

---

[1] The Court assumes familiarity with that opinion.

1

Plaintiffs now move for leave to file a third amended complaint. (Dkt. # 164)  Both Ms. Berat and Mr. Primus oppose Plaintiffs' motion. (Dkt. #s 170, 172)  Mr. Primus also cross-moves to dismiss the Second Amended Complaint. (Dkt. # 172)  The DOE, which answered the Second Amended Complaint, has taken no position on Plaintiffs' request to amend.

For the reasons detailed herein, Plaintiffs' motion for leave to file a third amended complaint, (Dkt. # 164), is GRANTED in part and DENIED in part, and Mr. Primus' motion to dismiss the Second Amended Complaint, (Dkt. # 172), is GRANTED.

## I.   PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

Rule 15(a) provides that leave to amend should be freely given when justice so requires. Fed.R.Civ.P. 15(a).  However, "the Court has broad discretion in deciding whether or not to grant such a request." *St. Clair Shores Gen. Employees Ret. Sys. v. Eibeler*, 745 F. Supp. 2d 303, 316 (S.D.N.Y. 2010) (citations and quotation marks omitted).  Factors that are relevant to the exercise of the Court's discretion include: (1) the presence of bad faith, dilatory motives, or undue delay on the part of the movant; (2) the movant's repeated failure to cure deficiencies by amendments previously allowed; (3) the potential for undue prejudice to an opposing party; and (4) whether the sought-after amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Ms. Berat and Mr. Primus oppose Plaintiffs' proposed amendments on three grounds: (A) repeated failure to cure pleading deficiencies; (B) undue prejudice; and (C) futility. (Primus Mot. 6-8, 18-20; Berat Opp. 15-16, 19, 21)  As detailed below, the Court  is not persuaded by the first or the second argument.  However, the Court agrees that Plaintiffs' standing to pursue certain claims remains inadequately pled, rendering amendment of those claims futile.  Accordingly, the Court will grant Plaintiffs' motion for leave to amend but only

2

with respect to those claims that remain either unchallenged or for which standing is adequately pled.

### A.  Failure to Cure Deficiencies

Ms. Berat and Mr. Primus contend that Plaintiffs' request for leave to amend should be denied because Plaintiffs have repeatedly failed to cure the deficiencies in their pleadings.  While it is true that Plaintiffs seek leave to file a third amended complaint, this is in fact the first time that they have sought to amend in response to a *parent* defendant's motion to dismiss – the First Amended Complaint was filed before any party had responded to the original complaint, and the Second Amended Complaint was filed in response to a motion to dismiss by the DOE.[2]  (Dkt. #s 34, 66, 111)  Thus, the proposed Third Amended Complaint is actually Plaintiffs' first attempt to cure pleading deficiencies identified by a parent defendant.

### B.  Undue Prejudice

Ms. Berat and Mr. Primus also ask the Court to deny Plaintiffs' request for leave to amend on the grounds that amendment would prejudice them.  Ms. Berat and Mr. Primus have not demonstrated, however, that they face any *undue* prejudice.  *See Foman*, 371 U.S. at 182 (describing test as "undue prejudice").

Mr. Primus has only recently become an active participant in this litigation and  has identified no prejudice that he would suffer as the result of amendment.

Although Ms. Berat has previously moved to dismiss certain of Plaintiffs' claims against her, she faces no prejudice from amendment because she would have to participate in discovery whether or not the Court allowed the amendment.  *See* Dkt. # 150 (allowing Plaintiffs' NYCHRL claims to proceed against Ms. Berat because she did not move for their dismissal).

---

[2] Ms. Berat answered the First Amended Complaint.  (Dkt. # 61)

Finally, any prejudice that might result from having to respond to the Third Amended Complaint is cured by the Court's refusal to allow futile amendments.

### C. Futility

The Court turns finally to Ms. Berat's and Mr. Primus' futility argument. In the proposed Third Amended Complaint, Plaintiffs assert three categories of claims against Ms. Berat and Mr. Primus: (1) claims pursuant to 42 U.S.C. § 1983 alleging that the Parent Defendants, acting jointly with the DOE, discriminated against Plaintiffs in violation of the Equal Protection Clause and deprived Plaintiffs of their right to be free from unreasonable search and seizure in violation of the Fourth Amendment; (2) claims pursuant to 42 U.S.C. § 1981 also alleging Equal Protection and Fourth Amendment violations; and (3) claims that the Parent Defendants violated the New York City Human Rights Law (the "NYCHRL").[3]  (TAC ¶ 183, 191, 212)

Ms. Berat and Mr. Primus oppose amendment of Plaintiffs' § 1983 Fourth Amendment claims, § 1983 equal protection claims, and NYCHRL claims on futility grounds.[4]  More specifically, they contend that amendment would be futile because Plaintiffs lack standing to assert these claims. As explained herein, the Court concludes that even after amendment, none of the plaintiffs has standing to assert § 1983 Fourth Amendment or equal protection claims against Ms. Berat or Mr. Primus, none of the plaintiffs has standing to assert NYCHRL claims against Ms. Berat, and only one plaintiff – Judith P. – has standing to pursue a NYCHRL claim against Mr. Primus.

---

[3] The Court does not read the proposed Third Amended Complaint as asserting § 1983 procedural due process claims against the Parent Defendants.

[4] Because Ms. Berat and Mr. Primus do not address their futility argument to Plaintiffs' § 1981 claims, the Court does not review the merits of those claims here.

### 1.  Legal Standard Applicable To Standing Analysis

The test for constitutional standing requires a plaintiff to show: (1) an injury in fact (*i.e.*, an invasion of a legally protected interest of the plaintiff's that is actual or imminent and concrete and particularized); (2) a fairly traceable causal connection between the actions of the defendant and the injury in fact; and (3) a likelihood that a favorable decision will redress the plaintiff's complained-of injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). "[S]tanding must be demonstrated for each claim and form of relief sought." *Kiryas Joel Alliance v. Village of Kiryas Joel*, 495 Fed. Appx. 183, 189 (2d Cir. Sept. 10, 2012) (internal quotation marks omitted).  If, as here, standing is challenged on the basis of the pleadings, the Court accepts as true all material allegations of the complaint and construes the complaint in the plaintiffs' favor. *Bldg. & Constr. Trades Council v. Downtown Dev., Inc.*, 448 F.3d 138, 144 (2d Cir. 2006).  However, the burden remains with the party asserting jurisdiction to allege facts demonstrating standing. *See, e.g.*, *Johnson v. Bryson*, 851 F. Supp. 2d 688, 699 (S.D.N.Y. 2012).

### 2.  Factual Allegations Of The Proposed Third Amended Complaint

The following facts are taken from Plaintiffs' proposed Third Amended Complaint ("TAC"). (Dkt. # 165)  The Court recounts only those facts relevant to Plaintiffs' motion for leave to file a third amended complaint.

Plaintiffs Guan N., You G., and Kelly P. are current students at Shuang Wen (collectively, the "Student Plaintiffs"). (TAC ¶¶ 10, 12, 13, 16)  Guan N. and You G. are of Chinese descent. (TAC ¶¶ 10, 13)

Plaintiffs David L., Juan H., and Judith P. are the respective parents of Guan N., You G., and Kelly P. (TAC ¶¶ 11, 14-15, 17)  David L. and Juan H. are of Chinese descent. (TAC ¶¶ 11,

15) Like all parents of Shuang Wen students, David L., Juan H., and Judith P. are members of the Shuang Wen Parents Association (the "PA"). (TAC ¶¶ 11, 14, 17) Judith P. is also a contributor to the Shuang Wen General School Fund (the "GSF"). (TAC ¶ 17)

Finally, plaintiffs Joe L. and Nicole H. – not previously named in the Second Amended Complaint – are parents of a single, unnamed Shuang Wen student. (TAC ¶ 18) They are also of Chinese descent. (*Id.*) David L., Juan H., Judith P., Joe L. and Nicole H. are collectively referred to herein as the "Parent Plaintiffs."[5]

Defendants are the DOE and three of its officials, Chancellor Dennis Walcott, Mr. Jamel Boyer, and Ms. Ajaiyeoba Tejumade, as well as Lynn Berat, Edward Primus, and Saultan Baptiste,[6] parents of Shuang Wen students (collectively, the "Parent Defendants"). (TAC ¶¶ 20-27)

Plaintiffs allege that the Parent Defendants acted in concert with the DOE in an effort to alter the racial make-up of Shuang Wen, "a predominantly Chinese school." (TAC ¶¶ 33, 50) Plaintiffs contend that the Parent Defendants, acting out of racial animus, made frequent false complaints to the DOE, triggering various investigations of Shuang Wen and its staff and students. (TAC ¶¶ 33-37) Plaintiffs allege that as part of these investigations, students were removed from their classes for questioning by the DOE without parental consent and without prior notice to parents. (TAC ¶ 134) They further allege that the GSF bank account was placed under the DOE's control. (TAC ¶140) Plaintiffs also claim that the DOE gave the Parent Defendants unsupervised access to the PA file room, during which time the Parent Defendants were able to review and take documents containing personal information about Shuang Wen

---

[5] Although Gale Elston is named as a plaintiff in the proposed Third Amended Complaint, (Dkt. # 165), her claims have been withdrawn, (Dkt. # 179).

[6] Mr. Baptiste is now deceased. (TAC ¶ 27) Plaintiffs have sued his estate but no one has answered, moved or entered an appearance on the estate's behalf.

students.  (TAC ¶¶ 82-82, 87)  According to Plaintiffs, the PA file incident led to an
investigation of the residency of Chinese surnamed families, including the family of Joe L. and
Nicole H.  (TAC ¶ 89)

Finally, in addition to causing the DOE to initiate numerous investigations, Ms. Berat and
Mr. Primus are also alleged to have had numerous hostile encounters with school staff, parents
and PA members.  (TAC ¶¶ 61-65, 67, 80-84, 93, 98, 101, 110-11, 121-22, 130, 138)  In the only
incident alleged to have involved a named plaintiff, Mr. Primus apparently sent Judith P. a
threatening email after she agreed to become a plaintiff in the Second Amended Complaint.
(TAC ¶ 138)

### 3.  Plaintiffs' Section 1983 Fourth Amendment Claims

Plaintiffs seek to assert § 1983 Fourth Amendment claims against Mr. Primus based on
the DOE's alleged detention and questioning of Shuang Wen students without parental consent.[7]
They contend that this questioning violated the students' right to be free from unreasonable
search and seizure and the parents' right to have their children be free from the same.  (TAC ¶
210-11)

Because neither Guan N. nor You G. claims to have been detained and questioned,
neither they nor their parents, David L. and Juan H., have adequately alleged injury.  As a result,
they lack standing to pursue these claims.

Nicole H. and Joe L. lack standing for the same reason – their unidentified child is not
alleged to have been detained.

By contrast, Kelly P. *was* allegedly detained and questioned.  (TAC ¶ 16)  Nonetheless,
both she and her mother, Judith P., lack standing to pursue § 1983 Fourth Amendment claims
against Mr. Primus because, even if the Court accepts that they suffered cognizable injuries, they

---

[7] Plaintiffs have clarified that they do not assert a § 1983 Fourth Amendment claim against Ms. Berat.  (Pl. Opp. 17)

have failed to allege that those injuries are fairly traceable to Mr. Primus.  While they allege that Mr. Primus' complaints caused the DOE to investigate student attendance during the Chinese Lunar New Year and to investigate the manner in which the Lunar New Year performance was funded, (TAC ¶¶ 131-34), the Third Amended Complaint is devoid of facts indicating that Mr. Primus caused the DOE to detain students without parental consent as part of those investigations.  Accordingly, they have failed to allege an injury that is fairly traceable to the acts of Mr. Primus.[8]

For these reasons, the Court finds that Plaintiffs lack standing to assert § 1983 Fourth Amendment claims against Mr. Primus.

### 4.  Plaintiffs' Section 1983 Equal Protection Claims

The Court turns next to Plaintiffs' § 1983 equal protection claims as asserted against Ms. Berat and Mr. Primus.  Here too Plaintiffs fail to identify an injury actually suffered by them as a result of Ms. Berat's and Mr. Primus' alleged conduct.

Plaintiffs first suggest that Ms. Berat and Mr. Primus created an atmosphere of discrimination at Shuang Wen, thereby depriving Plaintiffs of their right to a public school education free from discrimination.  (Pl. Opp. 7, 13) As an initial matter, this argument is

---

[8] The Court also notes that separate and apart from standing requirements, an individual defendant may not be held liable under § 1983 unless he or she was personally involved in the alleged constitutional deprivation.  *See, e.g., Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).  Because Plaintiffs have failed to allege that Mr. Primus caused the DOE to detain and question students without parental consent, they have also failed to adequately allege his personal involvement in the alleged constitutional violation.

Furthermore, § 1983 liability cannot flow from private actions by private citizens, no matter how discriminatory or wrongful. *See, e.g., Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).  In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law. *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992).  Here, Plaintiffs have failed to allege that Mr. Primus was acting under color of state law when he allegedly lodged complaints about Shuang Wen's Lunar New Year practices.  The mere furnishing of information to government officials is insufficient to demonstrate joint action, *Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir. 1999), and although a few courts in this Circuit have held that a private citizen becomes a state actor if he or she not only precipitates state action but also directs that state action, *see, e.g., Young v. Suffolk County*, 705 F. Supp. 2d 183 (E.D.N.Y. 2010), Plaintiffs have failed to plausibly allege that Mr. Primus directed DOE officials to question Shuang Wen students without parental consent.  Accordingly, Plaintiffs have failed to adequately allege that Mr. Primus was acting under color of state law.

applicable only to the student plaintiffs – they are the only plaintiffs who appear to posses such a right and, therefore, the only plaintiffs who could claim the injury of being deprived of that right.

Even if limited to the student plaintiffs, this argument is unavailing because the student plaintiffs do not allege that they were personally subjected to a discriminatory school environment, let alone a discriminatory school environment created by Ms. Berat and Mr. Primus. Neither Guan N. nor You G. claims to have been personally subjected to discrimination of any kind. With respect to Kelly P., the only discrimination that she claims to have personally suffered is her alleged subjection to wrongful detention by the DOE; however, as the Court has already explained, the Third Amended Complaint fails to allege that her detention, as opposed to initiation of the broader investigation, is fairly traceable either to Ms. Berat or to Mr. Primus. Accordingly, Plaintiffs have failed to adequately allege that either Ms. Berat or Mr. Primus deprived them of their right to a public school education free from discrimination.

Judith P. next asserts that her equal protection clam arises out of the DOE's "confiscation" of funds in the GSF bank account, some of which she and "other parents" donated "for the express and specific purpose of funding the Chinese language after-school program." (Pl. Opp. 14-15; TAC ¶¶ 143, 144, 147) This cannot form the basis of an equal protection claim against Ms. Berat and Mr. Primus because, as the Court indicated in its January 7, 2013 opinion, Judith P. has failed to allege that she retained a right to these funds once they were donated. (Dkt. # 150 at 14) Accordingly, she has failed to allege that this "confiscation" caused her a cognizable injury.

Finally, Joe L. and Nicole H. tie their equal protection claims to investigations allegedly triggered by the Parent Defendants' unsupervised access to the PA file room. (Pl. Opp. 8; TAC ¶¶ 82-92) Plaintiffs contend that Ms. Tejumade gave the Parent Defendants, including Ms. Berat

and Mr. Primus, unsupervised access to the PA files "under the pretense of an inspection authorized by Chancellors Regulation A-660." (TAC ¶ 82) Plaintiffs contend that "this raid led to the discriminatory and baseless investigation as to the residency of Chinese surnamed families as part of this process, including the investigation of new plaintiffs Joe L. and Nicole H." (TAC ¶ 89)

It is certainly the case that selective treatment, including selective investigation, of a person based solely on his or her race is forbidden by the Equal Protection Clause. *See, e.g.*, *Brown v. City of Syracuse,* 673 F.3d 141, 151-52 (2d Cir. 2012).  However, Joe L. and Nicole H. do not allege, except in a conclusory manner, that Ms. Berat and Mr. Primus caused the alleged race-based residency investigations.  In fact, the Third Amended Complaint alleges that these investigations were based on memoranda prepared for the DOE by Mr. Baptiste.  (TAC ¶ 89) Accordingly, although Joe L. and Nicole H. have alleged an injury – being targeted for investigation based on their race – they have not adequately alleged that this injury is fairly traceable to the conduct of either Ms. Berat or Mr. Primus.

Because Plaintiffs have failed to allege that they suffered an injury that is fairly traceable to the acts of either to Ms. Berat or to Mr. Primus, they lack standing to assert § 1983 equal protection claims against these defendants.

### 5.  Plaintiffs' NYCHRL Claims

Finally, the Court addresses Plaintiffs' NYCHRL claims as asserted against Ms. Berat and Mr. Primus.

In the Third Amended Complaint, Plaintiffs contend that Ms. Berat and Mr. Primus aided and abetted the DOE's violation of New York City Administrative Code § 8-107(4)(a), which makes it unlawful for the agent or employee of any place or provider of public accommodation

10

to refuse, withhold from or deny to a person any of the accommodations, advantages, facilities or privileges thereof based on that person's race or national origin. (TAC ¶ 186-90)

Plaintiffs also allege that Ms. Berat and Mr. Primus violated New York City Administrative Code § 8-107(19), which makes it unlawful "for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to [§ 8-107]."[9] (TAC ¶ 192, 193)  The right protected under § 8-107 that is relevant to the instant action is the right, protected by § 8-107(4), not to be denied the privileges of public education on the basis of race or national origin. (TAC ¶ 192)

As explained below, the Court finds that with the exception of Judith P., Plaintiffs lack standing to assert either a § 8-107(4) or a § 8-107(19) claim against either Ms. Berat or Mr. Primus.

With respect to Guan N., You G., David L., and Juan H., the Third Amended Complaint lacks any allegation that these plaintiffs were personally denied the privileges of public education on the basis of their race or national origin or that they were personally intimidated or threatened either in connection with the exercise of their right not to be denied the privileges of public education on the basis of their race or national origin or in connection with their encouragement of another person's exercise of this right.  Indeed, the Third Amended Complaint does not mentioned Guan N., You G., David L., or Juan H. beyond introducing them as plaintiffs.

Nicole H. and Joe L. also lack standing to assert §§ 8-107(4) and 8-107(19) claims.

---

[9] Although Plaintiff's opposition papers reference § 8-107(7), (Pl. Opp. 18), the Third Amended Complaint does not assert a claim under this provision of the NYCHRL. (*See* TAC ¶¶ 186-193)

These plaintiffs identify only two injurious incidents: (1) the DOE investigation that followed the Parent Defendants' alleged unauthorized access to the PA files, and (2) Nicole H.'s receipt of an anonymous email in April 2010 accusing the former principal of Shuang Wen of influencing parents' responses to a DOE survey of parents' opinions about Shuang Wen. (TAC ¶¶ 70, 89) Neither of these incidents are alleged to have been caused by either Ms. Berat or Mr. Primus. Nicole H. and Joe L. do not allege that either Ms. Berat or Mr. Primus were responsible for initiating the DOE's residency investigation, *see supra* § I.C.4, and they do not allege that the April 2010 email came from either Ms. Berat or Mr. Primus. Furthermore, there is nothing in the Third Amended Complaint indicating that the residency investigation was initiated or that the April 2010 email was sent in connection with Nicole H. and Joe L.'s encouragement of others to exercise the right not to be denied the privileges of public education.

Turning next to Kelly P., she does not assert a § 8-107(4) claim, (Pl. Opp. 18), and she lacks standing to assert a § 8-107(19) claim. Kelly P. does not allege that she encouraged others to exercise their right not to be denied the privileges of public education on the basis of race or national origin and does not allege that either Ms. Berat or Mr. Primus interfered with her on account of her having taken such actions.

Lastly, the Court turns to the allegations of Judith P. Judith P. contends that she has standing because she allegedly received a threat from Mr. Primus after she became a plaintiff in this action. (Pl. Opp. 18-19; TAC ¶ 138) The question for purposes of this standing analysis is what legal interest, protected by the NYCHRL, was invaded by this alleged conduct.

Judith P. expressly disclaims reliance on § 8-107(4), citing § 8-107(6) instead. (Pl. Opp. 18) ("[W]hile only those Plaintiffs alleged to be of Chinese heritage and targeted because of such heritage can make a claim under 8-107(4) (e.g., all the Plaintiffs except Judith P. and her

12

daughter Kelly P.); those plaintiffs such as Judith P. who are not of [Chinese heritage] but who have acted to counter discrimination by, *inter alia*, joining as a plaintiff on the Second Amended Complaint are protected under Section 8-107(6).")  This citation to § 8-107(6) is confounding because  § 8-107(6) simply extends NYCHRL liability to those who "aid, abet, incite, compel or coerce the doing of any of the acts forbidden under [the NYCHRL]." N.Y.C. Admin. Code § 8-107(6).  It does not itself create a legal interest protected by the NYCHRL.

This does not, however, complete the Court's inquiry because, as explained below, § 8-107(19), provides the necessary basis for Judith P's NYCHRL claim against Mr. Primus.[10]

As previously indicated, § 8-107(19) makes actionable intimidation, threats or interference with (a) a person's exercise or enjoyment of rights protected under § 8-107 or (b) a person's encouragement of another person's exercise or enjoyment of rights protected under § 8-107.  N.Y.C. Admin. Code § 8-107(19).  Here, the relevant right protected under § 8-107 is the right not to be denied the privileges of public education on the basis of race or national origin. (TAC ¶ 192)  Judith P. does not contend that Mr. Primus interfered with *her* right not to be denied the privileges of public education on the basis of race or national origin.  However, she does allege that he took threatening actions against her in connection with her encouragement, by joining this lawsuit, of other persons' exercise of the right not to be denied the privileges of public education on the basis of race or national origin.  Accordingly, the Court finds that Judith P. has standing to assert a § 8-107(19) claim against Mr. Primus.

For these reasons, the Court concludes that none of the plaintiffs has adequately alleged standing to assert a NYCHRL claim against Ms. Berat and that only Judith P. has adequately alleged standing to assert a NYCHRL claim against Mr. Primus.

---

[10] Although § 8-107(19) is not discussed in Plaintiffs' opposition papers, it is expressly cited in the Third Amended Complaint, (TAC ¶ 193).

*       *       *

In sum, the allegations of the proposed Third Amended Complaint are insufficient to establish Plaintiffs' standing to assert § 1983 Fourth Amendment claims, § 1983 equal protection claims, or NYCHRL claims against Ms. Berat and Mr. Primus, with the exception of Judith P.'s § 8-107(19) NYCHRL claim against Mr. Primus. Accordingly, with respect to these claims, Plaintiffs may only amend the complaint to assert a § 8-107(19) NYCHRL claim against Mr. Primus on behalf of Judith P.

## II.    MR. PRIMUS' CROSS-MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

The Second Amended Complaint, like the proposed Third Amended Complaint, asserts § 1983 Fourth Amendment claims, § 1983 equal protection claims and NYCHRL claims against Mr. Primus. (SAC ¶¶ 148, 156-8, 177) Because the Court has denied Plaintiffs' request to amend these claims – except with respect to Judith P.'s § 8-107(19) NYCHRL claim – the Court must address Mr. Primus' cross-motion to dismiss these claims as asserted in the Second Amended Complaint.

Mr. Primus' motion is granted with respect to these claims for substantially the same reasons that Plaintiffs' motion to amend these claims was denied. That is to say, the allegations of the Second Amended Complaint are insufficient to establish Plaintiffs' standing to assert these claims against Mr. Primus, just as the allegations of the proposed Third Amended Complaint are insufficient. Accordingly, Mr. Primus' motion to dismiss the § 1983 Fourth Amendment claims, § 1983 equal protection claims and NYCHRL claims asserted against him in the Second Amended Complaint is GRANTED.

## III.   CONCLUSION

In light of the forgoing, on or before **July 30, 2013**, Plaintiffs may file their proposed

Third Amended Complaint, Dkt. # 165 Ex. 1, with the following modifications:

- Plaintiffs may not assert § 1983 Fourth Amendment claims against either Ms. Berat or Mr. Primus;

- Plaintiffs may not assert § 1983 equal protection claims against either Ms. Berat or Mr. Primus;

- Plaintiffs may not assert NYCHRL claims against Ms. Berat;

- Guan N., You G., David L., Juan H., Nicole H., Joe L., and Kelly P. may not assert NYCHRL claims against Mr. Primus; and

- Ms. Gale Elston shall be removed from the caption.

Defendants shall answer the Third Amended Complaint on or before **August 13, 2013**.

It is further ordered that Mr. Primus' motion to dismiss the § 1983 Fourth Amendment claims, § 1983 equal protection claims and NYCHRL claims asserted against him in the Second Amended Complaint is GRANTED.  This resolves docket entries 164 and 172.

It is finally ordered that all parties appear for a case management conference on **August 23, 2013** at **1:45 PM** in **Courtroom 906** of the United States District Court for the Southern District of New York, 40 Foley Square, New York, New York

SO ORDERED.

Dated: July 23, 2013
     New York, New York

ALISON J. NATHAN
United States District Judge